# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTIV, INC., a Delaware corporation, | JUDGE PALLMEYER |
| Plaintiff, | **02C 7316** |
| v. | Case No. |
| INCENTIVE SYSTEMS, INC., d/b/a CENTIV, a Massachusetts corporation, | MAGISTRATE JUDGE SCHENKIER |
| Defendant. | DOCKETED OCT 11 2002 |

## VERIFIED COMPLAINT

Plaintiff, Centiv, Inc., for its Complaint against Defendant, Incentive Systems, Inc., an individual, states as follows:

### Parties

1. Plaintiff Centiv Inc. ("Centiv") is a Delaware corporation with its principal place of business in Vernon Hills, Illinois.

2. Defendant Incentive Systems, Inc. is a Massachusetts corporation with its principal place of business in Bedford, Massachusetts.

### Jurisdiction and Venue

3. This Court has jurisdiction over this action because (a) this is a civil action brought under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); (b) certain claims are pendent to substantial and related claims under the Trademark Laws of the United States, 15

U.S.C. §§ 1051-1127; and (c) this is an action between citizens of different states in which the amount in controversy exceeds the value of $75,000, exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1331(a).

4. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim arose in the Northern District of Illinois and a substantial amount of the property that is the subject of this action is situated in the Northern District of Illinois.

## Facts

5. Centiv develops and sells business enterprise solution services. Centiv is the pre-eminent developer of web-based digital merchandising services to retail and manufacturing customers, including Fortune 100 packaged consumer goods companies. Centiv's stock is traded on the Nasdaq exchange. Centiv has offered its business enterprise solution services under the trademark and trade name CENTIV since April 2001.

6. On information and belief, the defendant provides "innovative technologies" to address its client's business needs, providing a "best of breed technology platform" for its services. The defendant's business enterprise solution services include compensation, quota and territory management services. On information and belief, the defendant has used the mark CENTIV in connection with its business enterprise solution services since about July 29, 2002. Defendant's services under the CENTIV mark are offered for sale and sold in interstate commerce.

7. The parties' services are similar. Centiv's business enterprise solution services include consulting, graphic design, web hosting, training, digital asset management, digital printing, and extensive data reporting services. Centiv's web-based services and products assist

2

corporations in tracking the effectiveness of their local and regional marketing campaigns as well as the advertised product costs, and give companies the knowledge and tools necessary to make better business decisions. Like Centiv, the defendant also offers business enterprise solution services, including on-demand reporting. The defendant states on its web site that it provides "tighter business process, strategy execution and motivation for all departments in your enterprise." Moreover, like Centiv, the defendant offers a "100% web-based solution."

8. The target market for the parties' services is the same. Both parties' services are marketed to the same companies. Additionally, the decision to purchase Centiv's business enterprise solutions is reviewed and approved at the senior management level. On information and belief, the individuals who review and approve the purchase of the defendant's products are the same.

9. Defendant's use of the mark CENTIV has caused and is causing great confusion in the marketplace.

10. The defendant's use of CENTIV also prevents Centiv from controlling its own corporate name. This loss of control will confuse consumers, the marketplace, and financial markets.

11. Immediately on learning of defendant's use of the CENTIV mark, Centiv, through its attorneys, wrote to defendant and demanded that it cease use of Centiv's name and mark. Defendant refused.

12. Unless defendant is enjoined from use of Centiv's name, the above-described instances of actual confusion, which are causing immediate and direct harm to Centiv, will continue.

## COUNT I
## TRADEMARK INFRINGEMENT

13. Centiv realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 12 of the Complaint.

14. Defendant's aforesaid acts constitute trademark infringement in violation of the Trademark Laws of the United States, 15 U.S.C. § 1125(a).

15. Defendant's acts set forth above constitute intentional and willful infringement of Centiv's rights in and to its trademark, and are likely to cause confusion or misunderstanding on the part of consumers as to the affiliation, the connection or association, certification or approval of defendant's services.

16. In addition, Centiv's CENTIV mark has been used by Centiv, exclusively, to identify Centiv's services, and the mark serves to designate the source and origin of Centiv's services to the consuming public.

17. By reason of defendant's acts set forth above, Centiv has been severely injured in its business and property. The injury to Centiv is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Centiv for its injuries and Centiv lacks an adequate remedy at law.

18. Since defendant's acts of infringement have been and continue to be deliberate, willful and wanton, this is an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT II
## TRADEMARK DILUTION

19. Centiv realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 18 of the Complaint.

4

20.   Centiv's marks are famous, highly distinctive and widely recognized marks, and achieved fame well prior to any use of the marks by defendant.

21.   In addition, Centiv's marks have been used by Centiv, exclusively, to identify Centiv's products and serve to designate the source and origin of Centiv's products to the consuming public.

22.   Defendant's unauthorized and deceptive use of Centiv's marks will cause dilution of the distinctive quality of Centiv's marks in violation of the Trademark Laws of the United States, 15 U.S.C. § 1125(c)(1).

23.   By reason of defendant's acts set forth above, Centiv has been severely injured in its business and property. The injury to Centiv is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Centiv for its injuries and Centiv lacks an adequate remedy at law.

24.   The foregoing acts of dilution resulted from the willful intention of defendant to trade upon Centiv's reputation, making this an exceptional case within the meaning of 1125(c)(2), and entitling Centiv to the remedies set forth in the Trademark Laws of the United States, 15 U.S.C. §§ 1117(a) and 1118.

## COUNT III
## UNFAIR COMPETITION

25.   Centiv realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 24 of the Complaint.

26.   Defendant's acts set forth above constitute unfair competition in violation of the Trademark Laws of the United States, 15 U.S.C. § 1125(a).

27. By reason of defendant's acts set forth above, Centiv has been severely injured in its business and property. The injury to Centiv is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Centiv for its injuries and Centiv lacks an adequate remedy at law.

28. The foregoing acts of unfair competition have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

## COUNT IV
## DECEPTIVE TRADE PRACTICES

29. Centiv realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 28 of the Complaint.

30. Defendant's use of Centiv's trademarks is likely to cause confusion or misunderstanding on the part of consumers as to the source, sponsorship, affiliation, connection, association, certification or approval of defendant's services.

31. As a result of these aforesaid acts, defendant has been and is engaged in deceptive trade practices within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

32. Upon information and belief, defendant has willfully engaged in the above described acts in Illinois and in this judicial district.

33. By reason of defendant's acts set forth above, Centiv has been severely injured in its business and property. The injury to Centiv is and continues to be immediate and irreparable. An award of monetary damages alone cannot fully compensate Centiv for its injuries and Centiv lacks an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Centiv requests this Court to enter the following relief for Centiv and against defendant and its officers, directors, agents, representatives, attorneys, and all persons acting or claiming to act on its behalf or under its direction or authority, and all persons acting in concert or in participation with defendant:

1. an order preliminarily and permanently enjoining the use, in any manner whatsoever, of the trademark CENTIV or any other mark which is a colorable imitation or is confusingly similar in any manner to Centiv's CENTIV trademark, including phonetic equivalents either on or in connection with the distribution, sale, offering for sale, advertisement, or promotion of any of defendant's products or services;

2. an order directing defendant to preliminarily and permanently deactivate the domain names CENTIVINC.COM and CENTIVALIGN.COM;

3. an order preliminarily and permanently enjoining the representation, in any manner or by any method whatsoever, that any goods, services or business not sponsored, approved, or authorized by or originating from Centiv but sold by defendant are sponsored, approved, or authorized by or originate from Centiv, or from otherwise taking any action likely to cause confusion, mistake, or deception on the public as to the origin, approval, sponsorship or certification of such goods, services and businesses;

4. an order requiring defendant to deliver up to the Court any and all advertisements, brochures, promotional items, and the like in its possession or control which

7

might, if sold or used in conjunction with the sale, distribution, or promotion of any product, service or business, including business enterprise solution services, violate any injunction granted herein;

5. an order restraining and enjoining defendant, pending trial of this action, from doing and engaging in any of the acts described above and be directed to conform with each and every provision of this prayer for relief;

6. that Centiv have an accounting for damages and for all the profits together with those profits lost by Centiv due to the actions of defendant claimed of herein;

7. that Centiv be granted an award for damages due to the injury to its business reputation and loss of goodwill by reason of defendant's offer to sell or provide services not emanating from Centiv but identified with Centiv's mark;

8. that the damages assessed against defendant be trebled pursuant to 15 U.S.C. § 1117;

9. that defendant pay Centiv's costs and disbursements in pursuing this action, including its reasonable attorneys' fees; and

10. that Centiv have such other and further relief as this Court may deem appropriate.

8

## JURY DEMAND

Centiv further requests a trial by jury on all issues triable by jury.

CENTIV, INC.

Richard W. Young
Liisa M. Thomas
GARDNER CARTON & DOUGLAS
321 N. Clark Street, Suite 3400
Chicago, IL 60610
(312) 644-3000
*Attorneys For Plaintiff Centiv, Inc.*

Dated: October 11, 2002

State of Illinois

County of Lake

## **VERIFICATION**

I, William M. Rychel, having been first duly sworn, do depose and state that I am the President and Chief Executive Officer of Centiv, Inc., that I have read the foregoing Verified Complaint, that the allegations made therein are true to the best of my knowledge, and that the allegations made upon information and belief are believed by me to be true.

Subscribed and sworn to before me this _10_ day of October, 2002.

_____
Notary Public

My commission expires on:

_12-6-04_

"OFFICIAL SEAL"
STEVEN J. SENESCU
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12/6/2004

CH01/12252088.1

JUDGE PALLMEYER

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

MAGISTRATE JUDGE SCHENKIER

## Civil Cover Sheet    02C 7316

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

| | |
|---|---|
| **Plaintiff(s):** Centiv, Inc. | **Defendant(s):** Incentive Systems Inc. d/b/a Centiv |
| County of Residence: Lake County, Illinois | County of Residence: |
| Plaintiff's Atty: Richard W. Young, Liisa M. Thomas<br>Gardner, Carton & Douglas<br>321 N. Clark St. Suite 3400,<br>Chicago IL 60610<br>(312) 644-3000 | Defendant's Atty:<br>**DOCKETED**<br>OCT 1 1 2002 |

II. Basis of Jurisdiction:       **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal
Parties **(Diversity Cases Only)**
    Plaintiff:- **4 IL corp or Principal place of Bus. in IL**
    Defendant:- **2 Citizen of Another State**

IV. Origin :       **1. Original Proceeding**

V. Nature of Suit:       **840 Trademark**

VI. Cause of Action:       **Trademark Infringement and Dilution, 15 U.S.C. Section 1125(a), (c); 815 ILCS 510/1 et. seq.; 815 ILCS 505/1 et. seq.**

VII. Requested in Complaint
        Class Action: **No**
        Dollar Demand:
        Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** _____

**Date:** Oct. 11, 2002

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**       Revised: 06/28/00

http://www.ilnd.uscourts.gov/PUBLIC/Forms/auto_js44.cfm       10/9/02

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

JUDGE PALLMEYER

In the Matter of

Centiv, Inc., Plaintiff

v.

Incentive Systems Inc. d/b/a/ Centiv, Defendant

MAGISTRATE JUDGE SCHENKIER

Case Number: 02C 7316

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Centiv, Inc.

DOCKETED
OCT 11 2002

**(A)**
SIGNATURE
NAME: Richard W. Young
FIRM: Gardner, Carton & Douglas
STREET ADDRESS: 321 N. Clark St. Suite 3400
CITY/STATE/ZIP: Chicago, IL 60610
TELEPHONE NUMBER: (312) 644-3000
IDENTIFICATION NUMBER: 6181557
MEMBER OF TRIAL BAR? YES ✓ NO
TRIAL ATTORNEY? YES ✓ NO

**(B)**
SIGNATURE
NAME: Lisa Thomas
FIRM: Gardner, Carton & Douglas
STREET ADDRESS: 321 N. Clark St. Suite 3400
CITY/STATE/ZIP: Chicago, IL 60610
TELEPHONE NUMBER: (312) 644-3000
IDENTIFICATION NUMBER: 6238241
MEMBER OF TRIAL BAR? YES NO ✓
TRIAL ATTORNEY? YES ✓ NO
DESIGNATED AS LOCAL COUNSEL? YES NO ✓

**(C)**
SIGNATURE
NAME
FIRM
STREET ADDRESS
CITY/STATE/ZIP
TELEPHONE NUMBER
IDENTIFICATION NUMBER
MEMBER OF TRIAL BAR? YES NO
TRIAL ATTORNEY? YES NO
DESIGNATED AS LOCAL COUNSEL? YES NO

**(D)**
SIGNATURE
NAME
FIRM
STREET ADDRESS
CITY/STATE/ZIP
TELEPHONE NUMBER
IDENTIFICATION NUMBER
MEMBER OF TRIAL BAR? YES NO
TRIAL ATTORNEY? YES NO
DESIGNATED AS LOCAL COUNSEL? YES NO

